## STATE ex ÁLTICK v WEBSTER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1289.  Decided Aug 15, 1934

Hugh Altick, Dayton, for relator.
Benjamin F. Hershey, Dayton, for defendant.

## OPINION

By BARNES, J.

The case was argued orally on July 17. In addition to various sections of the Code, the following Ohio decisions were cited:

**Wilson, Sheriff v Lasure, 36 Oh Ap, 107;**

**Rogers et v State of Ohio, 87 Oh St 308.**

The sole question for determination is whether or not a legal complaint was filed against the accused, so as to give the court jurisdiction to try, determine and sentence.

It is the general rule, as prescribed by statutory enactments, that accused are tried on indictment or information. In the instant case, the accused was tried on affidavit. It is claimed that this is authorized under the provisions of §1683-1, GC.

This is the section which prescribes jurisdiction of the Juvenile Court.

Under the provisions of §1532-1 GC, the judge elected as Court of Common Pleas, Division of Domestic Relations, has all the jurisdiction prescribed for Juvenile Courts.

Again referring to §1683-1 GC, we find authorization for preferring charges against accused by affidavit. Ten separate distinct statutes are referred to by number wherein this procedure is authorized. The nonsupport statute is not included in this list, nor do either of them have any reference to nonsupport enactments. There is a blanket provision in this section providing that the Juvenile Court shall have jurisdiction of all misdemeanors against minors, and the later provision in the section authorizes complaint under this provision to be made by affidavit.

The proposition now narrows down to the question as to whether or not the complaint against the accused may be construed as a "misdemeanor against a minor."

The case of **Wilson, Sheriff v Lasure, 36 Oh Ap, 107,** supra, is directly in point, and therein the Court of Appeals of Perry County, in a very able opinion, holds that prosecution may not be had upon affidavit alone, but that information is indispensable under the statute to give the Juvenile Court jurisdiction. In the instant case, just as in the reported case, counsel for the state urge that the language used "all misdemeanors against minors" should be construed to mean an offense committed against the minor and not limited to misdemeanors committed by minors.

We agree with the Court of Appeals in the Perry County case in the construction given to this section.

It therefore follows that the Juvenile Court did not have jurisdiction to hear and determine the case, as there was no legal complaint filed.

The writ will be allowed and the prisoner ordered discharged. Exceptions will be allowed, and entry may be drawn accordingly.

HORNBECK, PJ, concurs.